UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| FOCUS CAPITAL, INC. ) | Case No. 12-13683 |
| ) | |
| Debtors. ) | (JMD) |

**EMERGENCY MOTION PURSUANT TO SECTION 362 OF
THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE, FOR AN ORDER
MODIFYING THE AUTOMATIC STAY TO ALLOW PAYMENT OF A
JUDGMENT UNDER THE ERRORS AND OMISSIONS INSURANCE POLICY ISSUED
TO THE DEBTOR AND TO PROCEED WITH DECLARATORY JUDGMENT
LITIGATION AGAINST THE E & O INSURANCE CARRIER TO OBTAIN
AGGREGATE INSURANCE COVERAGE**

TO THE HONORABLE JUDGE
MICHAEL DEASY

UNITED STATES BANKRUPTCY
JUDGE:

Frances Straccia, Angela Straccia, Mark Straccia, Mary Beth Lambert, Ronald Ferrante, Sr., Anne Ferrante, Ronald Ferrante, Jr. (Collectively, the "E & O Beneficiaries"), hereby seek an order, in substantially the form of the proposed order attached as <u>Exhibit A,</u> lifting the automatic stay in this case, to the extent applicable and necessary, to (1) facilitate payment under Debtor's Errors & Omissions insurance policy of a final un-appealable Award entered against the Debtor, as more specifically described below, and to (2) allow E & O Beneficiaries to continue with their prosecution of a declaratory judgment action

{00001035.RTF}

pending in the United States District Court, District of New Hampshire, seeking declaratory relief that their multiple claims and Awards are not the product of a single occurrence and thereby qualify for aggregate coverage.

## **PRELIMINARY STATEMENT**

1. Movants were customers of Focus Capital, Inc. and provided notice to of their claims to Debtor, who in turn provided Notice of Claims under its errors and omissions policy to The Hartford on or before May 31, 2011. Movants thereafter filed their claims before the Financial Industry Regulatory Authority ("FINRA"), Office of Dispute Resolution, naming Focus Capital, Inc., Focus Capital Wealth Management, Inc. and Nicholas B. Rowe as Respondents (the "Focus Respondents"), on or about July 13, 2011. The allegations sounded in fraud, professional mismanagement claims and breach of fiduciary duty against the Focus respondents. FINRA Docket Number 11-02737*).* *See Exhibit 1.*

2. Twin City Fire Insurance Co., a subsidiary of The Hartford ("Insurer"), insured Focus Capital, Inc. under a "The Hartford Premier Asset Management Protection Policy, Policy No. 00 DC 0232496-10, under policy inception dated 5/31/2010 and expiration date 5/31/2011. The policy is a "wasting" errors and omissions policy issued to provide defense of and payment of customer claims against Focus Capital, Inc. *See Exhibit 2.*

3. The Hartford, Debtor's Insurer, provided costs of defense not only to its Insured, Focus Capital, Inc., but also to Respondent Nicholas B. Rowe, an officer and principal owner of Focus Capital, Inc..

4. In May 2012, the Insurer announced that it viewed Movants' claims as a "single occurrence" under the policy and tendered only the single occurrence amount of coverage,

$1,000,000.00 less defense costs advanced that they contend were in excess of $400,000.00. Movants rejected that offer.

5. On or about June 5, 2012, Movants commenced a declaratory judgment action against The Hartford in Hillsborough County Superior Court, Manchester, NH, however, The Hartford removed that civil action to the United States District Court, District of NH where it is now pending. Thereafter, the parties stipulated to a Stay of that Action pending the determination of the Arbitrators and entry of an Award.

6. After 16 hearing sessions over 8 days, a FINRA all public arbitration panel issued a November 27, 2012 consolidated final non-appealable AWARD in favor of each Claimant in the Arbitration and holding the Focus Parties liable to each individual claimant (who collectively file this Motion for Relief). The aggregate Awards total $1,820,701.58. *See Exhibit 3*.

7. On or about December 4, 2012, the parties stipulated to lift the voluntary stay in the declaratory judgment action, however, that same day, Focus Capital, Inc. and Nicholas B. Rowe filed for protection under the Bankruptcy Code with Chapter 11 filings.

8. The Debtor, as an insured party defended the securities claim filed by Movants with FINRA. Neither the Debtor nor The Hartford have, to Movants' knowledge, disputed that this FINRA AWARD is covered by the E&O Policy, however, whether the individual Awards are a "single occurrence" or "multiple occurrences" triggering aggregate coverage is disputed.

9. In similar circumstances, it is routine for bankruptcy courts to enter so called "comfort orders"-lifting the automatic stay under sections 362(a) and 362(d) of the Bankruptcy Code (to the extent it applies and such an order was necessary) in order to allow

{00001035.RTF}

payment under E & O Policies of, *inter alia,* the Insured Persons' defense costs and authorizing payment of settlements under the E&O Policies to resolve claims similar to those against the insured Debtor.

10. The E & O beneficiaries believe the Award is covered by the E &O Policies and anticipate that the E&O Insurers will pay out that amount of the coverage that is not in dispute in the declaratory judgment action as they are required to under NH Insurance regulation 1002.07 ("Regulation 1002.07). Regulation 1002.07 provides in effect that if there is an admission that a portion of an insurance policy is available for payment on a judgment, it should be paid without prejudice pending resolution of a Declaratory Judgment claim as to the balance of the policy.

11. Here, the beneficiaries seek to assure the E&O Insurer that issued the policy that by making payment to the E & O Beneficiaries to satisfy a portion of the Award of FINRA in favor of the Movants, without concern that, if and to the extent that the automatic stay is otherwise applicable, they are violating the automatic stay.

12. Granting the relief requested by this Motion is unlikely to have any adverse effect on the Debtor's estate and creditors because, among other things, the interests of the Debtor and other creditors in the proceeds of the E&O Policy, if any, is expressly subordinate to the interest of the beneficiaries. Specifically, the applicable insurance policies provide that the Debtor has no rights to the insurance proceeds beyond advancing defense costs and that advancement has already occurred pre-petition.

## JURISDICTION

This Court has jurisdiction to consider and determine the present Motion pursuant to 28 U.S.C. § 1334. If, and to the extent that, the automatic stay applies to the subject matter of this

Motion, this is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

5.  Focus Capital, Inc. (the "Debtor") commenced this chapter 11 bankruptcy case through the filing of voluntary petitions for bankruptcy relief on December 4, 2012.

8.  The Debtor purchased E & O insurance to provide coverage for the Debtor in connection with customer claims for which the Insurer is giving proper notice during the policy period of May 31, 2010 to May 31, 2011.  For claims made during the 2010 to 2011 policy period, the Debtor purchased a primary policy with aggregate coverage of $2,000,000.00 and $1,000,000.00 each occurrence.

9.  The E & O Policy contains Insuring Agreements language that provides that "The Insurer shall pay loss on behalf of the Insured's resulting from a Claim first made against the Insured during the Policy Period or Extended Reporting Period, if applicable, for a Wrongful Act in the performance of Investment Adviser Professional Services by the Insured. Accordingly, the Policy is for the benefit of Movants.

## RELIEF REQUESTED

10.  The E & O Beneficiaries hereby request the entry of an order, in substantially the form attached hereto as Exhibit A, (i) lifting the automatic stay (to the extent it applies) in order to facilitate and allow payment of the Award under the E&O Policy, and (ii) lifting the automatic stay (to the extent it applies) in order to allow Movants to continue to prosecute their Declaratory Judgment Action against The Hartford and to obtain payment under the aggregate policy limits, and (iii) waiving the requirements of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

## BASIS FOR THE RELIEF REQUESTED

11. The E & O Policy is not property of the Estate since the only value to the Estate is to pay the claims of properly noticed creditors in the priority of noticed claims. Movants are the first in line as a result of their properly noticed and now final monetary award.

12. Section 362(a)(3) of the Bankruptcy Code provides for an automatic stay of any action seeking to obtain possession or exercise control over property of the bankruptcy estate.

13. U.S.C. § 362(a)(3). Although insurance policies maintained by a debtor generally are considered property of the estate and subject to the automatic stay, courts recognize that property of the estate does *not* include insurance *proceeds* which are payable solely to a third party (such as payments to officers and directors under an executive insurance policy). *See, e.g., In re Adelphia Communications Corp.,* 298 B.R. 49, 53 (S.D.N.Y. 2003) (insurance proceeds not property of the estate in the absence of any suggestion that debtors were entitled to indemnification rights under the policy); *In re Allied Digital Techs., Corp.,* 306 B.R. 505, 510 (Bankr. D. Del. 2004) (proceeds of a directors' and officers' insurance policy not property of the estate where the debtor's indemnification rights were speculative and direct coverage under the policy was hypothetical); *In re First Cent. Fin. Corp.,* 238 B.R. 9, 16 (Bankr. E.D.N.Y. 1999) (insurance proceeds not property of the estate where the debtors did not have indemnification rights).

14. Whether a debtor has tangible rights under an insurance policy, which could bring policy proceeds into the bankruptcy estate, depends largely on the "language and scope of the policy at issue." *Allied Digital,* 306 B.R. at 509. Here, the policy specifically provides that it is to pay Loss on behalf of the Insured (the Debtor here), for a Wrongful Act by the Insure Persons (the Debtor here).

15. Loss is defined in the E & O Policy as . . ."the amount that the Insured are

{00001035.RTF}

legally obligated to pay as a result of a Claim, including without limitation, Defense Costs, damages, settlements, judgments, and pre and post judgment interest. . . .".

16.     Because the Debtor purchased the E&O Policies primarily to provide insurance coverage for itself and its officers and directors, including the Insured Persons (the Debtor), in order to pay claims asserted by customers of its advisory business, the proceeds of the E&O Policy are not property of the estate and are not subject to the automatic stay.

16.     Even if the proceeds of the E&O Policy were to be determined to be property of the estate, cause exists under section 362(d)(1) of the Bankruptcy Code to modify the automatic stay to allow payment of the Award. Lifting the automatic would not harm the estate because, under the Notice and Policy Period clauses of the E & O Policy, any rights the Debtor might have to the proceeds of the E&O Policy are effectively subordinated to the properly noticed and now adjudicated Final Award in favor of Movants.

17.     In sum, the Movants submit that the automatic stay in these cases does not apply to payment of the Award under the E&O Policy. Alternatively, if this Court were to find that the Debtor has some interest in the proceeds of the E&O Policy, the Movants submit that any such interest is nominal only and cause exists to lift the automatic stay pursuant to section 362(d) of the Bankruptcy Code to allow the E&O Insurer to pay the Award.

### WAIVER OF BANKRUPTCY RULE 4001(A)(3)

18.     The FINRA Code of Arbitration provides that all Awards must be paid within 30 days of the date the Award issues. The Award made in favor of Movants was served November 27th 2012 making payment due by the Insurer no later than December 27, 2012. Therefore, in light of the impending deadline for the Insured Persons to satisfy the Award, the Insured Persons request that the order granting this Emergency Motion be made effective immediately.

{00001035.RTF}

19. No trustee has been appointed in these cases. Concurrently with the filing of this Motion, the Movants are serving notice of this Motion on (I) counsel for the Debtor; (2) the United States Trustee; (3) all parties that have requested Notice in this chapter 11 case; and (8) counsel for the E & O Insurer from whom payment for the Award is sought. The Movant submits that no other or further notice is required.

**WHEREFORE**, the Movant respectfully request that the Court grant the relief requested herein and enter an order in substantially the form of the proposed order attached hereto as Exhibit A.

Dated: December 10, 2012  
New York, New York

*/s/ John L. Allen*  
John L. Allen-Fuller (BNH 01548)     )  
Steven N. Fuller ( NH Bar. No. 4813)  
Allen-Fuller, P.A.  
40 Stark Street/2nd Floor  
Manchester, NH 03101  
603/666-9966

Counsel for the Movants

{00001035.RTF}

**EXHIBIT A**

UNITED STATES BANKRUPTCY
COURT DISTRICT OF NEW
HAMPSHIRE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| FOCUS CAPITAL, INC. ) | Case No. 12-13683 |
| ) | |
| Debtors. ) | (JMD) |

**ORDER ON EMERGENCY MOTION PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW PAYMENT OF A JUDGMENT UNDER THE ERORS AND OMISSIONS INSURANCE POLICY AND TO ALLOW FOR ONGOING PROSECUTION OF DECLARATORY JUDGMENT ACTION AGAINST THE HARTFORD TO ESTABLISH AGGREGATE COVERAGE UNDER THE ERRORS AND OMISSION POLICY.**

Upon the Emergency Motion, dated December 10, 2012 (the "Motion"), of Frances Straccia, Angela Straccia, Mark Straccia, Mary Beth Lambert, Ronald Ferrante, Sr., Anne Ferrante, Ronald Ferrante, Jr. (Collectively, the "E & O Beneficiaries"), pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay (to the extent applicable and necessary) to allow payment of an Award entered by an arbitration panel appointed by the Financial Industry Regulatory Authority against the Insured Persons for $1,820,701.58. (the "Award") under the Debtor's errors and omissions liability insurance

{00001035.RTF}

policy issued to the Debtors for claims made during, the May 31, 2010 to May 31, 2011 policy period ; upon finding that the Court has jurisdiction to consider the Motion and grant the relief requested therein pursuant to 28 U.S.C. §§ 157(b) and 1334; upon finding that notice of the Motion was appropriate in all respects; upon consideration of the Motion and any objections thereto, and just cause appearing;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is GRANTED;

2. Pursuant to sections 105(a), 362(a), and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified and/or lifted to allow the Insured Persons to seek and obtain, and to allow the insurance carriers for the E&O Policy to pay, without further order of the Court, the Award under the E&O Policy, and to further allow E & O Beneficiaries to continue with their prosecution of a Declaratory Judgment Action against The Hartford, the issuer of the subject E & O Policy, seeking to obtain aggregate coverage as opposed to the undisputed single occurrence coverage, now pending in the United States District Court, District of NH, Docket No. 1: 12 –cv-00286..

3. Nothing in this Order shall modify, alter or accelerate the rights and obligations of the E&O Insurers, the Debtors, or the Insured Persons provided for under the terms and conditions of the E&O Policy.

4. Nothing in this Order shall constitute a determination that the proceeds of the E&O Policies are property of the Debtors' estate, and the rights of all parties in interest to assert that the proceeds of the E&O Policies are, or are not, property of the Debtors' estates are hereby preserved.

{00001035.RTF}  2

5. This Order shall be effective immediately; the fourteen-day stay provided under Bankruptcy Rule 4001(a)(3) is hereby waived.

6. This Court shall retain jurisdiction over all matters arising from or relating to implementation of this Order.

Dated: December 11, 2012

Manchester, New Hampshire

_____
HONORABLE J. Michael Deasy
UNITED STATES BANKRUPTCY JUDGE

{00001035.RTF}