## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: ) | |
| ) | CHAPTER 11 |
| FOCUS CAPITAL, INC., ) | |
| ) | |
| ) | NO. 12-13683-JMD |
| Debtor ) | |

### OBJECTION OF WILLIAM M. GARDNER, SECRETARY OF STATE OF THE STATE OF NEW HAMPSHIRE TO THE MOTION FOR RELIEF FROM STAY OF STRACCIA, ET AL.

William M. Gardner, Secretary of State of the State of New Hampshire by and through the Bureau of Securities Regulation (the "State"), by his counsel, the Office of the Attorney General, hereby objects to the Emergency Motion Pursuant to Section 362 for an order Modifying the Automatic Stay (doc. 13) (the "Straccia Motion") made by Frances Straccia and others (the "Movants") seeking to reach certain insurance proceeds and to continue a declaratory judgment action concerning coverage. The State objects because the policy in question is not just for the Movants' benefit. Under the doctrine announced by Judge Breyer in *Tringali v. Hathaway Mach'y Co.*, 796 F.2d 553 (1st Cir. 1986), (which is surprisingly absent from the Straccia Motion), because there are likely to be many claimants with rights to the policy proceeds, the stay should apply to prevent,

> a race to the courthouse … [because] Such a race could mean unfair results as between potential plaintiffs, it could also prevent a bankruptcy court from marshaling the insurance proceeds, and, along with other assets, arranging for their distribution so as to maximize their ability both to satisfy legitimate creditor claims and to preserve the debtor's estate.

*Id*. at 560.

In support hereof, the State respectfully represents as follows:

1. On August 30, 2012, the State entered an Order to Cease and Desist and an Order to Show Cause (the "NH Order") against Nicholas Rowe and Focus Capital Wealth Management, Inc. in an adjudicative proceeding under the provisions of N.H. Rev. Stat. Ann. 421-B:26-a, a provision of the New Hampshire Uniform Securities Act ("Act").

2. The NH Order required the respondents to cease and desist from violations of the Act and to show cause why their state investment advisor's license should not be revoked or suspended.

3. The respondents were alleged to have engaged in an unlawful trading scheme involving inverse and leveraged exchange traded funds for various customers in New Hampshire that were unsuitable for and acted as a fraud and deceit on the New Hampshire customers.

4. Upon information and belief, in addition to the claimants represented by Attorney Fuller, there are at least 9 other New Hampshire customers that were victims of this fraud and they have suffered approximately $1.05 million in losses as a result of the respondents' violations.

5. The Debtor is insured by The Hartford Premier Asset Management Protection Policy, with a policy limit of $2.0 million, including defense costs (the "Policy"). The Movants have identified the Policy as "a wasting errors and omissions policy issued to provide defense of and payment of customer claims against" the Debtor and Nicholas Rowe.

6. The Movants define themselves as the "E & O Beneficiaries" because apparently they expect to recover the proceeds of the Policy for themselves. The other victims of the Debtor's alleged frauds, however, also have a similar entitlement to make claims against the Policy.

7. The Movants allege without support or citation that "the Debtor has no rights to the insurance proceeds beyond advancing defense costs." Straccia Motion ¶ 12.

8. The policy language appears to suggest otherwise, however. *See* the Policy, I(A) – (E) (insuring agreements including coverage of losses incurred by the Debtor), & II, (D), (N), (P), and (V) (defining Claim, Insured Entity, Insureds, and Loss.) *See also* Straccia Motion at ¶ 16 (policy bought to provide coverage for the Debtor). The Policy protects the Debtor from claims for losses, it is not just an officers and directors liability policy.

9. This case is not like *Adelphia* and *Allied Digital* (both cited by the Movants) or *In re MF Global Holding, Ltd.*, 469 B.R. 177 (Bankr. S.D.N.Y. 2012), which did not focus on claims made by customers harmed by the business entity as is plainly the case here and instead dealt with D&O defense issues. In *Adelphia*, the District Court found dispositive that the debtor in that case had advanced no actual claims for entity coverage under the policy. 298 B.R. 49, 53 (S.D.N.Y. 2003). In this case there is no question that there are claims for entity coverage – the Movants' claim being the most obvious – but it is likely that other claimants have cognizable claims against the entity too. Similarly, *Allied Digital* turned on the fact that there were no claims for entity coverage at stake in the case. *In re Allied Digital Techs. Corp.*, 306 B.R. 505, 511 (Bankr. D. Del. 2004). In *MF Global*, the court granted relief from stay for cause so that the policy could pay defense costs (up to a cap) for officers and directors, a particular non-debtor class of insureds under the policy – the D&O insureds "have a present need for payment of their defense costs … [which] far outweighs the Debtors' hypothetical or speculative need for coverage." 469 B.R. at 192. In this case, the Movants are not officers and directors seeking payment of their defense costs and the Debtor's need for coverage is not "hypothetical or speculative." *See id.*

3

10. This case is far closer to *Tringali v. Hathaway Mach'y*. In that case, a fisherman was injured by a net winch manufactured by the Chapter 11 debtor, Hathaway Machinery. 796 F.2d at 556. The injured fisherman moved for relief from the stay to recover policy proceeds, arguing, as the Movants do in the present case, that because he was first in line he was entitled to take as much of the policy proceeds as his claim would allow. *Id*. at 562. The First Circuit held that relief from stay should not have been granted because there were other claims like the plaintiff's and that it would be inconsistent with the bankruptcy policy of equality of distribution to favor the plaintiff's claim over those of others similarly situated. *Id*. Like *Tringali*, this case involves claimants with similar claims competing for comparatively insufficient proceeds to pay their losses under a liability policy. As the First Circuit found, the "race to the courthouse" in which the Movants want to claim a victory and take the Cup, "means unfair results as between potential plaintiffs." *Id*. at 560.

11. The Movants also seek leave to proceed with a declaratory judgment action against The Hartford. This too should be denied. The suit would embroil some of the parties in litigation that could be done at the bankruptcy court during the claims allowance process or resolved by a Debtor initiated settlement. *See In re R.J. Groover Constr., LLC.*, 411 B.R. 473, 477-78 (Bankr. S.D. Ga. 2008). The Policy is a wasting policy. It is not inconceivable that the costs of litigating the declaratory judgment action could be paid from policy proceeds to the detriment of the non-moving claimants in this case. Rather than litigate the declaratory judgment issues, the Debtor may find in its judgment that reaching a settlement with the insurer would be more advantageous (this is not to say that at this point we have sufficient information to express an opinion about whether that position might be correct)

4

and avoid the additional expense and delay of litigating with the insurer.  In such a case expending policy proceeds and Debtor resources on litigating would be wasteful.

Wherefore, the State prays that the Court enter an order denying the Straccia Motion, and granting such other and further relief as may be just.

>Respectfully submitted,
>
>WILLIAM M. GARDNER
>SECRETARY OF STATE
>STATE OF NEW HAMPSHIRE
>BY AND THROUGH THE
>BUREAU OF SECURITIES REGULATION
>
>By his attorneys,
>
>MICHAEL A. DELANEY
>ATTORNEY GENERAL

Date:  December 20, 2012            /s/ Peter C.L. Roth_____
                                    Peter C.L. Roth
                                    Senior Assistant Attorney General
                                    Environmental Protection Bureau
                                    33 Capitol Street
                                    Concord, New Hampshire 03301-6397
                                    (603) 271-3679

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Objection was served by ECF upon the parties of record by the Court's ECF system.

                                    /s/ Peter C.L. Roth_____
Dated: December 20, 2012            Peter C.L. Roth