UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Case No. 12-13683-JMD |
| | Chapter 11 |
| Focus Capital, Inc. | |
| Debtor | |

**OBJECTION TO FRANCES STRACCIA'S ET AL. EMERGENCY MOTION PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW PAYMENT OF A JUDGMENT UNDER THE ERRORS AND OMMISIONS INSURANCE POLICY ISSUED TO THE DEBTOR AND TO PROCEED WITH DECLARATORY JUDGMENT LITIGATION AGAINST THE E&O INSURANCE CARRIER TO OBTAIN AGGREGATE INSURANCE COVERAGE**

Alfred E. Yezbick, Jr. ("Yezbick") by and through his attorneys, McLane, Graf, Raulerson & Middleton, Professional Association object to Frances Straccia's et als. ("Movants") Emergency Motion for an Order Modifying the Automatic Stay to Allow Payment of a Judgment Under the Errors and Omissions Insurance Policy Issued to the Debtor and to Proceed with Declaratory Judgment Litigation Against the E&O Insurance Carrier to Obtain Aggregate Insurance Coverage (the "Motion") and as grounds therefor, states as follows:

1.  Yezbick is a creditor of the Debtor. He lost in excess of $240,000 in retirement and other savings due to the inappropriate and unsuitable investments the Debtor made on Yezbick's behalf plus the return on his investments he should have enjoyed had the Debtor made suitable investments and a return of management fees promised by the Debtor. Yezbick, now in his late fifties, engaged the Debtor and its principal to invest his retirement and other savings and informed the Debtor that he wanted to have his funds placed in moderate to moderately aggressive investments. Instead, until Yezbick withdrew his remaining funds in 2011, the

Debtor, without Yezbick's informed consent employed a much more aggressive investment strategy, including buying on margin (with already borrowed funds), betting on inverse ETFs, options, leverage, shorting commodities, and other risky, unsuitable investments.

2. Through the Motion, the Movants seek relief from stay to pursue payment under an E&O insurance policy held by the Debtor. Yezbick objects to the Motion because, in essence, granting the Motion would result in a sub-group of harmed investors collecting some portion of their damages while nearly all others would receive little or nothing on account of their claims. The Movants' arbitration award allegedly totals $1.8 million. After reduction for defense costs incurred, the E&O policy proceeds are less. Therefore, if the Motion is allowed, the insurance policy's remaining proceeds will be entirely depleted leaving nothing for the other investors to collect. Granting the Motion would materially violate the strong Bankruptcy Code policy of equality in distribution.

3. Though the Movants suggest otherwise, the E&O insurance policy is property of the estate. The First Circuit Court of Appeals has held errors and omissions policies like that here are estate property and should be made available for similarly situated plaintiffs to share. *See*, *Tringali v. Hathaway Machinery Co., Inc.* 796 F.2d 553, 560 (1st Cir. 1986)(explaining that: "…language, authority, and reason all indicate that proceeds of a liability insurance policy are 'property of the estate.' …The language of § 541(a)(1) is broad enough to cover an interest in liability insurance, namely, the debtor's right to have the insurance company pay money to satisfy one kind of debt — debts accrued through, for example, the insured's negligent behavior.")

4. The Movants, without citing any specific authority, claim that the arbitration award grants them a preference to the insurance policy proceeds and alone is reason to grant

relief from stay. Not so. *Hathaway* specifically addresses the assertion that state law priority in distribution provides cause for relief from stay. The First Circuit, noting the policy of equality of distribution and efficiency in claims administration held: "Given these policies underlying federal bankruptcy law, the simple conclusory assertion that state law would give [movant] a priority cannot (standing alone without some consideration of the plausible claim of harm by Hathaway or other creditors) provide `cause' for lifting the stay." *Hathaway* at 562.

5. For the forgoing reasons, and the reasons noted in the objections filed by the Debtor and the New Hampshire Secretary of State, the Motion should be denied.

WHEREFORE, Alfred E. Yezbick, Jr. respectfully requests that the Court deny the Motion and grant such other and further relief as may be just.

Dated:  January 2, 2013      Respectfully submitted,

McLANE, GRAF, RAULERSON &
    MIDDLETON, PROFESSIONAL ASSOCIATION

By: /s/ *Joseph A. Foster*
    Joseph A. Foster (BNH # 01572)
    900 Elm Street, 11th Floor
    P.O. Box 326
    Manchester, NH 03105-0326
    Telephone (603) 628-1175
    joe.foster@mclane.com

Attorneys for Alfred E. Yezbick, Jr.

- 4 -

**CERTIFICATE OF SERVICE**

  I, Joseph A. Foster, on this 2nd day of January, 2013, caused a copy of the forgoing Objection to be served via the Court's CM/ECF system:

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060
603-204-5513
peter@thetamposilawgroup.com
 (Attorneys for the Debtor)

John L. Allen
Allen-Fuller, PA
40 Stark Street
Manchester, NH 03101
(603) 666-9966
603-668-7750 (fax)
john.allen@allen-fuller.com
(Attorneys for Frances Straccia, et al. )

Peter C.L. Roth
Environmental Protection Bureau
33 Capitol Street
Concord, NH 03301-6397
(603) 271-3679
(603) 223-6269 (fax)
peter.roth@doj.nh.gov
(Attorney for NH Secretary of State)

UST
Office of U.S. Trustee
1000 Elm Street
Suite 605
Manchester, NH 03101
603 666-7908
603 666-7913 (fax)
USTPRegion01.MR.ECF@usdoj.gov

- 5 -

Daniel W. Sklar
Nixon Peabody LLP
900 Elm Street
Manchester, NH 03101
(603) 628-4000
603-628-4040 (fax)
dsklar@nixonpeabody.com
(Attorneys for Lisa Rowe)

>*/s/ Joseph A. Foster*
> Joseph A. Foster